# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LARBI ZAROUALI

    Plaintiff,

v.                                                                                        CASE NO. 6:11-cv-1281-Orl-36KRS

BENCHMARK HOSPITALITY AT
GRAND CYPRESS, INC. and GRAND
CYPRESS FLORIDA, LP d/b/a THE
VILLAS OF GRAND CYPRESS,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Karla R. Spaulding on February 22, 2012 ("First R&R") (Doc. 20), and the Report and Recommendation filed on February 29, 2012 ("Second R&R") (Doc. 22). On March 6, the Parties filed a Joint Objection regarding the First R&R and Second R&R ("Joint Objection") (Doc. 23). As such, this matter is ripe for review.

## BACKGROUND

On August 3, 2011, Plaintiff Larbi Zarouali ("Plaintiff") initiated an action against Defendants Benchmark Hospitality and Grand Cypress, Inc. ("Defendants") for unpaid overtime compensation and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA")(Doc. 1). Plaintiff and Defendants filed a Joint Motion to Approve Settlement on February 2, 2012 (Doc. 19). After reviewing discovery, Plaintiff recalculated his initial estimates and concluded that his maximum recovery in unpaid overtime and liquidated damages would be

$ 7,744.84 (Doc. 19, p.4 n. 1). Under the Parties' proposed settlement, Plaintiff will receive $10,262.00 (Doc. 19-Ex. 1, p.6). In the First R&R, Magistrate Judge Spaulding found that the broad release provision in the proposed FLSA settlement rendered it unfair, recommended that the Court deny the Parties' Joint Motion to Approve Settlement, and give the Parties thirty (30) days to submit a revised settlement agreement (Doc. 20, p.3).

The Parties then filed a Joint Stipulation of Dismissal on February 29, 2012 (Doc. 21). Magistrate Judge Spaulding issued the Second R&R, noting that joint dismissal of a case arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), is not effective unless the Court determines that dismissal of the case with prejudice is a fair and reasonable resolution of the dispute (Doc. 22). On March 6, the Parties filed their Joint Objection (Doc. 23).

## **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a de novo review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). Federal Rule of Civil Procedure 72(a), in pertinent part, provides that "[a] party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Merrit v. Int'l Brotherhood*, 649 F.2d 1013, 1017 (5th Cir. 1981).[1] Once a timely objection to the Report and Recommendation is made, the

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

District Judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.* The "clearly erroneous or contrary to law" standard is extremely deferential. A finding is only clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## ANALYSIS

In evaluating the Parties' Joint Motion to Approve Settlement, the Magistrate Judge found that although full payment to a plaintiff generally ends the FLSA fairness analysis, the scope of the release language in the Parties' proposed settlement was so broad as to undermine its fairness, and that "[s]ettlement of an FLSA claim is not an occasion for employers to extract valuable concessions unfairly from employees." *Hogan v. Allstate Beverage Co.*, 2011 WL 3568818 at *7 (M.D. Ala. Aug. 15, 2011)(finding the purported settlement's confidentiality provisions and pervasive waiver of liability unfair under the FLSA); Doc. 20, p.2. Indeed, the Magistrate Judge cited examples where a "side-deal" rendered an FLSA compromise unfair, even where the plaintiff received the money he sought. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (finding that a sweeping release of claims rendered an FLSA settlement unfair because "[a]bsent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."); *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010)("if the parties' proposed 'full compensation' agreement includes an additional term - such as the forbearance of a valuable right of the employee, including perhaps one of the employee's FLSA rights, or the exchange of another valuable consideration of any kind - the notion of 'full

3

compensation' becomes illusory and inapplicable").

In their Joint Objection, the Parties maintain that although the district court must scrutinize a compromise for fairness when the proposed settlement requires the employee to compromise an FLSA right, if the Parties' settlement involves no compromise, then the district court should approve the settlement and dismiss the case. Doc. 23, p.3; *see Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1349 (finding that if the court confirms that the parties' settlement involves no compromise of the plaintiff's claims, the court should approve the settlement and dismiss the case if the employer has paid). The Court recognizes that several courts within the Middle District of Florida have found that non-cash concessions by plaintiffs in FLSA cases simply cannot preclude a fairness finding when the plaintiff is paid in full. *See Michael Jarvis v. City Electric Supply Company*, 2012 WL 933057 at *6 (M.D. Fla. March 20, 2012) (finding that "an agreement to pay full compensation, without compromise, exempts the agreement from the requirement that the Court review and approve all other terms the parties may have agreed to, and a court need not reach whether the non-cash concessions are, indeed, fair.")[2]; *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp.2d 1222, 1227 (M.D. Fla. 2009)("The judges in the Orlando division have construed *Lynn Foods* as requiring court approval of any FLSA settlement which involves a compromise of the plaintiff's claims ... If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement.").

In this case, Plaintiff recalculated his damages estimates after discovery and concluded that his maximum recovery in unpaid overtime and liquidated damages would be $7,744.84 (Doc. 20,

---

[2] On March 26, 2012, the Parties submitted a Notice of supplemental authority attaching *Michael Jarvis v. City Electric Supply Company*, 2012 WL 933057 (M.D. Fla. March 20, 2012) (Doc. 24).

4

pp. 1-2). Under the terms of the Parties' proposed settlement, Plaintiff will receive over $10,000 in overtime and liquidated damages. *See* Doc. 19-1, p. 6. As the Parties stipulated in their Joint Motion for Approval of Settlement and Joint Objection, Plaintiff is receiving in excess of the full amount owed to him under the FLSA. Doc. 19; Doc. 23, p.4.

While recognizing that courts have found that a plaintiff's non-cash concessions can render an FLSA settlement unfair despite plaintiff's receipt of the damages he seeks, this Court has previously held and agrees with the weight of authority holding that when a plaintiff has not compromised his claims, or has even received more than what he was entitled to under the statute, the court need not further scrutinize the parties' settlement.[3] Although the "compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny," in this action there is no compromise of Plaintiff's claim. *See Moreno*, 729 F. Supp. 2d at 1352. Under these circumstances, the Court is satisfied that the settlement reached between the Parties constitutes a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. Thus, after careful consideration of the Report and Recommendations of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendations, Docs. 20 and 22, should be rejected. The Parties' Joint Motion to Approve Settlement (Doc. 19) will be granted, and this action will be dismissed with prejudice.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

---

[3] For reference, since the Plaintiff's claims were not compromised, the Court notes that the Parties may have avoided the delay in this case by not requesting court approval of the settlement (Doc. 19). Instead, a joint stipulation of dismissal which indicated that the Plaintiff's claims were not compromised would have sufficed. *See Bonetti*, 715 F. Supp.2d at 1227.

1. The Report and Recommendation of the Magistrate Judge filed on February 22, 2012 (Doc. 20) is rejected.

2. The Report and Recommendation of the Magistrate Judge filed on February 29, 2012 (Doc. 22) is rejected.

3. The Joint Motion to Approve Settlement (Doc. 19) is **GRANTED**. The Settlement (Doc. 1, Ex. A) is **APPROVED**, as the Court finds that it constitutes a fair and reasonable resolution of a bona fide dispute..

4. This action is **DISMISSED, with prejudice.**

5. The Clerk is directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** at Orlando, Florida on June 5, 2012.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD
MAGISTRATE JUDGE SPAULDING

6